UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DANAN GABALDON,

    Plaintiff,

v.                                                                                              Civ. No. 17-267 KG/GJF

BERNALILLO COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.

## ORDER DENYING PLAINTIFF'S THIRD MOTION
## FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court upon Plaintiff Danan Gabaldon's ("Plaintiff's") Third Motion for Appointment of Counsel ("Motion") [ECF No. 17]. The Court will again deny the Motion. There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995).

Plaintiff argues that because he is not licensed to practice law, he cannot "produce evidence on John Doe Velarde[.]" Pl.'s Mot. 1, ECF No. 17. This argument is not persuasive. The same means of discovery that are available to Defendants are also available to Plaintiff, and

1

it is unclear why Plaintiff would need to be licensed to practice law in order to produce evidence. Accordingly, the Court will deny the Motion.

**IT IS ORDERED** that Plaintiff's Third Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE