IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANAN GABALDON,

    Plaintiff,

v.                                                                                                Civ. No. 17-267 KG/GJF

BERNALILLO COUNTY SHERIFF'S OFFICE et al.,

    Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's objections to the Magistrate Judge's "Proposed Findings and Recommended Disposition" ("PFRD"), issued February 11, 2019. On reference by the undersigned (Doc. 24), United States Magistrate Judge Gregory J. Fouratt recommended that this Court: (1) grant summary judgment to Defendants; (2) dismiss Plaintiff's state law claim without prejudice; (3) deny Plaintiff's Motion to file Amended Complaint; and (4) deny Defendants' Motion to stay as moot. (Doc. 49) at 1. On February 19, 2019, Plaintiff filed his "Objections to Proposed Finding and Recommended Disposition Opposing Summary Judgment." (Doc. 50). Defendants neither objected to the PFRD nor responded to Plaintiff's objections. Having reviewed *de novo* the portions of the PFRD to which Plaintiff objects, the Court now overrules the objections and adopts the PFRD. Therefore, and as explained below, the Court will grant summary judgment to Defendants, dismiss Plaintiff's state law claim without prejudice, deny Plaintiff's Motion to file Amended Pleading (Doc.43), and deny Defendants' Motion to Stay (Doc. 42) as moot.

    BACKGROUND

Judge Fouratt detailed the factual background of this case in his PFRD. (Doc. 49) at 2-4.

In sum, Plaintiff engaged in a high-speed chase with law enforcement on March 3, 2015. While in pursuit, one Bernalillo County Sheriff's deputy fired shots at Plaintiff's vehicle. Police terminated the chase by deploying a pursuit intervention technique to force Plaintiff's vehicle into a spin and stall its engine. Once stopped, Plaintiff immediately exited the van and fled on foot. Deputies tackled the resisting Plaintiff and then utilized a softening blow as well as a lateral head displacement to gain his compliance. From these events, Plaintiff contends that the individual Defendants violated his Fourth Amendment rights by using excessive force to effectuate the arrest. Plaintiff further contends that the Bernalillo County Sheriff's Office's failure to employ a policy requiring lapel cameras enabled the alleged constitutional violation.

I. PLAINTIFF'S OBJECTIONS

Plaintiff begins his challenge to Judge Fouratt's PFRD by requesting appointment of counsel for the fourth time in this litigation. (Doc. 50) at 1. While that is not a cognizable objection, this Court will address it nonetheless. Similarly, Plaintiff requests leave to supplement the record with additional evidence, thus allowing him a belated opportunity to attempt to create a fact dispute. *Id*. Again, this is not a cognizable objection, but the Court will address Plaintiff's request.

Plaintiff does, however, advance three cognizable objections in his attack on Judge Fouratt's PFRD. First, he objects to Judge Fouratt's conclusion that no genuine issues of material fact exist as to whether the individually named defendants used excessive force to effectuate his arrest. *Id*. Plaintiff contends that "officers ignored [his] surrender and blatantly lied falseifying [sic] facts and still continued to use excessive force while I got on knees and hands up." *Id*. Second, Plaintiff challenges the PFRD's conclusion that the Bernalillo County Sheriff's Office could not be held accountable under a theory of municipal liability. Specifically, Plaintiff claims

2

that he demonstrated that the "officers committed an underlying constitutional violation; (2) [a] Municipal policy or customs exists and (3) there is a direct casual [sic] link between the policy and custom and the constitutional violations alleged." *Id*. at 2. Lastly, Plaintiff objects to the PFRD's recommendation that his motion for leave to amend the complaint be denied. He contends for the first time that amendment would not be futile because "the claims against Deputy Hix would relate back." *Id*. at 3.

## II. LEGAL STANDARDS

### A. *Standard for Objections to a Magistrate Judge's Report*

Pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), a district judge may designate a magistrate judge to submit proposed findings of facts and recommendations for the disposition of any case pending before the Court. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a *de novo* review of all portions of the recommendation which have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See id.* § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### B. *Summary Judgment Standard in Pro Se Prisoner Cases*

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant must "cit[e] to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A).

The movant has the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Id.* at 324. Although all facts are construed in favor of the non-movant, the non-movant still has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (citation and internal quotation marks omitted).

The Court liberally construes Plaintiff's filings because he appears pro se. Still, a pro se non-movant must "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (citation and internal quotation marks omitted). Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1180 (10th Cir. 2013).

In a suit brought by a pro se prisoner, a court may order the defendants to investigate the plaintiff's claims and submit a report of that investigation, called a *Martinez* Report. *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978). A court may use the *Martinez* Report to grant summary judgment *sua sponte* or upon motion of the defendants. *Hall*, 935 F.2d at 1009–13; *see also Celotex*, 477 U.S. at 326 (courts

possess authority to enter summary judgment *sua sponte*, so long as losing party is on notice that she must come forward with all her evidence).

   C. *Municipal Liability*

A plaintiff cannot maintain a 42 U.S.C. § 1983 action on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978); *see also Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Rather, to maintain a § 1983 action against a municipality, a plaintiff must demonstrate (1) that an officer committed an underlying constitutional violation; (2) that a municipal policy or custom exists; and (3) that there is a direct causal link between the policy or custom and the constitutional violation alleged. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006); *see also Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

   D. *Standard for Amending Complaint*

The District of New Mexico requires "[a] proposed amendment to a pleading [to] accompany the motion to amend." D.N.M.LR-Civ. 15.1. Additionally, Federal Rule of Civil Procedure 15 provides in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). A court should deny leave to amend under rule 15(a) where the proposed "amendment would be futile." *Jefferson Cty. Sch. Dist. v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999). An amendment is futile "[when] a complaint, as amended, would be subject to dismissal . . . ." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (quoting *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389

(10th Cir. 1980). A court may also deny leave to amend "upon a showing of undue delay . . . ." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Further, the statute of limitations for a § 1983 claim in New Mexico is three years. NMSA 1978, § 37-1-8; *see Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012) (unpublished); *see also Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that statute of limitations in § 1983 claims is governed by state law, and that New Mexico allows only three years for filing of claims) (superseded by statute on other grounds).

   III.   ANALYSIS

      A.   *Request for Appointment of Counsel*

Because this is a civil case, there is no right to appointment of counsel. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Instead, appointment of counsel rests on the sound discretion of the Court. *Id.*; *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). And Judge Fouratt—in exercising that very discretion—declined to appoint counsel to represent Plaintiff, finding that Plaintiff understood the issues in the case and appeared to be representing himself in a competent manner. *See* (Docs. 6, 18, 27); *see also Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (factors court should consider in determining whether to appoint counsel include merits of litigant's claims, complexity of factual and legal issue, and litigant's ability). Nevertheless, Plaintiff uses his objections to again request appointed counsel. (Doc. 50) at 1. Having conducted its own independent review, this Court sees no reason to revisit Judge Fouratt's earlier decisions denying Plaintiff's request for appointed counsel. It is clear Plaintiff is adequately representing his own interests and, indeed, is doing so better than most pro se prison inmates.

B. *Request to Submit Additional Evidence*

Next, Plaintiff asks that he be permitted—well after he submitted his response to Defendants' Motion for Summary Judgment—to do now what he should have done in his response. (Doc. 50) at 1. Specifically, he seeks permission to oppose this motion by acquiring and then pointing to admissible evidence in the record that creates a genuine issue of material fact. *Id*. Rather than objecting to the PFRD's analysis, which found that an unsworn statement is not proper summary judgment evidence, Plaintiff instead asks for what amounts to a second bite at the apple. Whatever else it is, such a request is not a proper objection to a PFRD. It was incumbent on Plaintiff to *timely* submit a *sworn* affidavit in opposing summary judgment. As the PFRD emphasized, he failed to do so and his belated request to cure his error now will be denied. There is not a second set of procedural rules for a pro se plaintiff and inventing one for this case would seriously prejudice the Defendants.

C. *Objection to Finding that No Genuine Issue of Material Facts Exists*

Plaintiff next objects to the PFRD's recommendation that this Court conclude that there are no disputed material facts about whether the individual officers violated his constitutional protections against excessive force. (Doc. 50) at 1. After *de novo* review of the record, this Court agrees with and adopts the reasoning of the PFRD.

For starters, "[e]ven if the [P]laintiff's complaint adequately alleges the commission of acts that violated clearly established law, the [D]efendants [are] entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Langley v. Adams Cty., Colo.*, 987 F.2d 1473, 1479 (10th Cir. 1993) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Individual liability under § 1983 must be premised on *specific* actions by a defendant that resulted in a deprivation of the plaintiff's

7

constitutional rights. *Id*. Having conducted *de novo review*, this Court also concludes that Plaintiff failed to identify specific actions supported by admissible record evidence that any named defendant violated his constitutional rights. In fact, besides pointing to—and clearly being contradicted by—the video evidence used by Defendants to support the Motion for Summary Judgment, Plaintiff's only proffered evidence lies in an unsworn statement that fails to comply with 28 U.S.C. § 1746.[1] An unsworn statement of course cannot create a genuine dispute of material fact. *See* FED. R. CIV. P. 56(c)(1)(A). And without *admissible* evidence that identifies specific action taken by any named defendant sufficient to rebut the reports and video offered by them, this Court cannot find that a genuine issue of material fact exists. Unfortunately for Plaintiff, if no genuine dispute of material fact exists as to whether the individual defendants violated his Fourth Amendment rights, then each defendant is entitled to judgment as a matter of law.

Plaintiff also argues that Judge Fouratt improperly awarded the individual defendants—and apparently Deputy Hix—qualified immunity. *See* (Doc. 50) at 2. This argument also is without merit, as the PFRD specifically stated it "d[id] not reach the question of qualified immunity." *See* (Doc. 49) at 15 n.7. Therefore, any objection pertaining to the issue of qualified immunity is both misplaced and overruled.

D. *Objection to Recommendation that Claim of Municipal Liability Be Dismissed*

As to the *Monell* claim against the Bernalillo County Sheriff's Office, Plaintiff claims that he made a showing sufficient to sustain a finding of municipal liability. (Doc. 50) at 2. But nowhere does he object to the PFRD's analysis that the only policy or custom that he complained

---

[1] An unsworn declaration must state "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)" to carry same force and effect as sworn declaration or affidavit made pursuant to law. *See also McMiller v. Corr. Corp. of Am.*, 695 F. App'x 344, 346 (10th Cir. 2017) (unpublished) ("28 U.S.C. § 1746 allows a written unsworn declaration[s] . . . subscribed in proper form as true under penalty of perjury to substitute for an affidavit." (emphasis added)).

of was the BCSO's body camera policy. Plaintiff does not contest, complain of, or object to the PFRD's conclusion that there was no causal link between the policy against the use of lapel cameras and the events of the day in question. Because Plaintiff has failed to properly object, he has not preserved this claim for this Court's review. Consequently, this Court adopts the PFRD's reasoning that Plaintiff not only failed to establish an underlying constitutional violation, but he has also "failed to point to any admissible evidence in the record that would even begin to establish a causal link between the BCSO's policy against the use of lapel cameras and the excessive force that Plaintiff alleges the named deputies visited upon him." (Doc. 49) at 16.

E. *Objection to Recommendation that Plaintiff Be Denied Leave to Amend Complaint*

Plaintiff's final objections stem from Judge Fouratt's proposed disposition of the motion to amend the complaint. Plaintiff renews his requests to amend his complaint to name Deputy Hix. (Doc. 49) at 1. The PFRD directly addressed this issue, and this Court agrees with its reasoning. The PFRD found that the incident at issue occurred on March 3, 2015, and that Plaintiff's motion to amend, filed on September 10, 2018, therefore was clearly outside the three-year statute of limitations for § 1983 claims in New Mexico. Judge Fouratt correctly concluded that allowing Plaintiff to amend to add Deputy Hix would be futile.

Plaintiff belatedly now contends that the amended complaint he envisions—a copy of which he has never lodged with the Court—relates back to the date of his original complaint. *See* (Doc. 50) at 3. This is the first time in this litigation that Plaintiff has advanced this theory, and no doubt his effort to do so was prompted by the PFRD pointing out that he has never made this argument. Again, his request is not timely. A litigant, even one representing himself, is not permitted to await the filing of a PFRD, comb through it for clues about how the law works and

9

what steps he should have taken, and then ask a district judge for permission to now take those steps. This is improper for any litigant.

Lastly, the Court notes that the PFRD did not directly address Defendants' argument that D.N.M.LR-Civ. 15.1 provides an independent basis to deny Plaintiff's motion to amend. (Doc. 45) at 2-3. This District requires "[a] proposed amendment to a pleading [to] accompany the motion to amend," D.N.M.LR-Civ. 15.1, a requirement Plaintiff disregarded. Consequently, in addition to denying the motion on futility grounds, this Court also finds that Plaintiff's motion must be denied for inexcusably failing to comply with this district's local rules.

## IV. SUPPLEMENTAL JURISDICTION

With this dismissal of Plaintiff's federal constitutional claims, the Court has only supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367. Section 1367, however, allows a court to "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice—that is the seminal teaching of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)." *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir. 1997) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)). In accordance with this general rule, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law negligence claim without prejudice.

## V. CONCLUSION

For these reasons, it is HEREBY ORDERED that Judge Fouratt's PFRD (Doc. 49) is ADOPTED; Plaintiff's objections (Doc. 50) are OVERRULED; Plaintiff's Fourth Amendment claim is DISMISSED WITH PREJUDICE; Plaintiff's Municipal Liability claim is DISMISSED

WITH PREJUDICE; Plaintiff's state law claim is DISMISSED WITHOUT PREJUDICE; Plaintiff's Motion to file Amended Complaint (Doc. 43) is DENIED, and Defendant's Motion to Stay is DENIED AS MOOT.

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE